UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRIANO WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 1:16-cv-11746** |
| | ) | |
| AMERICAN COLLEGE OF EDUCATION, | ) | **Honorable Judge Gary Feinerman** |
| INC, SHAWNTEL LANDRY, in her Individual | ) | |
| Capacity, HOWARD ROUSE, in his Individual | ) | |
| Capacity, and KK BYLAND, in her Individual | ) | |
| Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

ACE'S MEMORANDUM IN SUPPORT OF ITS REQUEST FOR FEES

Defendant American College of Education, Inc. ("ACE") by and through its attorneys Gregory H. Andrews, Sabreena El-Amin and Scott Preston of Jackson Lewis P.C., submits this Memorandum In Support of Its Request for Fees and states as follows:

BACKGROUND

1.     Plaintiff, Triano Williams was employed with ACE from 2007 to 2016, when he was terminated after refusing to relocate to Indianapolis.[1] Williams returned his company-issued laptop in May 2016. Upon receipt of the laptop, ACE employees recognized that they were unable to access the device.

2.     After doing some initial troubleshooting, ACE stored the device. In July 2017, ACE sent the device to John Evans at D4 to examine the device and determine whether there were

---

[1] ACE is only summarizing the background facts of the Motion for Spoliation, which are fleshed out in more detail in the Court's September 16, 2019 Opinion and Order, Dckt. No. 235.

any documents recoverable on the device. Evans determined that on March 28, 2016, someone accessed at least 20 files which were no longer present on the device before installing a new operating system on the device, overwriting some or all of the data available on the device.

3.      In November 2017, Williams responded to ACE's discovery requests in the pending litigation indicating that any correspondence or documents he may have had "were maintained electronically and were accessed via my lap top which was returned."

4.      On May 14, 2018, ACE took the deposition of Triano Williams. At the deposition, ACE focused questioning on Williams' actions before returning the ACE laptop, return of the ACE laptop, and Williams' discovery responses. The majority of the deposition centered around whether the evidence he claimed existed on the laptop existed anywhere else and whether he spoliated evidence by installing a new operating system on the ACE laptop. (Exhibit A, Declaration of Gregory H. Andrews ("Andrews Dec") ¶ 4).[2]

5.      On May 24, 2018, ACE filed its Motion for Sanctions for Spoliation of Evidence ("Motion for Sanctions") based on Williams' intentional spoliation of evidence. (Dkt. No. 90). Since May 2018, there have been roughly two dozen briefs and 10 appearances including a two-day evidentiary hearing and an oral argument related to the underlying Motion for Sanctions.

6.      On September 11, 2018, the Court ordered an Evidentiary Hearing on the Motion for Sanctions. The initial evidentiary hearing was scheduled for October 12, 2018. Immediately prior to this hearing, Williams' counsel belatedly raised the issue of the adequacy of ACE's expert disclosure.

7.      This Court ruled Plaintiff's arguments regarding ACE's expert disclosures were

---

[2] ACE's invoices contain privileged attorney-client communications with its counsel. As such, ACE has attached detailed affidavits outlining the time spent by attorneys on the various filings and appearances related to the Motion for Sanctions. Should the Court desire, ACE can make redacted invoices available for *in camera* review.

untimely but, without ruling that ACE failed to comply with its discovery obligations, on October 12, 2018 raised the concern of whether the forensic image was produced. Despite being prepared to proceed with the evidentiary hearing on October 12, 2018 and recognizing that the forensic image contained only one possible interpretation, ACE offered to provide Plaintiff with a copy of the forensic image of the Williams Laptop despite the fact that Plaintiff never requested the image throughout the protracted discovery phase of this litigation.

8.       Based on Williams' repeated arguments, instead of coming to a resolution on the Motion for Sanctions on October 12, 2018, the parties engaged in additional expert discovery including preparing additional expert reports and ACE deposing Plaintiff's expert in Arizona on December 13, 2018.

9.       After additional briefing, the parties scheduled an evidentiary hearing on April 12, 2019, which was continued to May 14, 2019 with oral argument on May 21, 2019.

## FEES AND COSTS[3]

10.       ACE incurred $171,982 in fees to Gregory Andrews, Scott Preston, Sabreena El-Amin, Melissa Taft, Julie Farmer, Patrick Rocks , and Veronica Garza for reviewing and preparing various briefs and orders related to the Motion for Sanctions, preparing and appearing for the Evidentiary hearings on the Motion for Sanctions, and engaging in expert and fact discovery related to the Motion for Sanctions. (Andrews Dec.; Exhibit B, Declaration of Scott Preston ("Preston Dec."); Exhibit C, Declaration of Sabreena El-Amin ("El-Amin Dec."); Exhibit D, Declaration of Melissa Taft; Exhibit E, Declaration of Julie Farmer; Exhibit F, Declaration of Patrick Rocks; Exhibit G, Declaration of Veronica Garza).

---

[3] ACE attempted to confer with Plaintiff's counsel regarding its reasonable fees and expenses incurred in preparing and presenting its Motion for Sanctions, but Plaintiff did not respond to ACE's attempts to set a time to discuss.

11.    ACE further incurred $31,855.44 in costs in relation to its preparation of the Motion for Sanctions.  (Preston Dec. ¶¶ 20-32; El-Amin Dec. ¶ 15).

## CONCLUSION

12.    The fees and costs Defendant, American Colleges of Education, Inc. is requesting total $203,837.44 and all were reasonably and necessary incurred in connection with the Motion for Sanctions for Spoliation of Evidence in this case.

13.    As such, ACE respectfully requests the Court enter an Order requiring Williams to pay ACE a sum total of $203,837.44 for its fees and costs incurred in relation to ACE's successful Motion for Sanctions.

Dated: October 24, 2019                    Respectfully submitted,

**AMERICAN COLLEGE OF EDUCATION, INC.,**

By:  ___/s/Gregory H. Andrews_____
                    One of Its Attorneys

Gregory H. Andrews
gregory.andrews@jacksonlewis.com
Sabreena El-Amin
sabreena.el-amin@jacksonlewis.com
Jackson Lewis P.C.
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
Phone: (312) 787-4949
Fax:    (312) 787-4995

Scott James Preston
scott.preston@jacksonlewis.com
Melissa K. Taft
melissa.taft@jacksonlewis.com
Jackson Lewis P.C.
10 West Market Street
Suite 2400
Indianapolis, IN 46204
Phone: (317) 489-6930
Fax: (317) 489-6931

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 24, 2019, he caused a true and correct copy of the foregoing **Memorandum in Support of Its Requests for Fees** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system, including counsel for Plaintiff.

By: _/s/ Gregory H. Andrews_
One of Its Attorneys